# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00277-MR
# [CRIMINAL CASE NO. 1:13-cr-00077-MR-DLH-4]

| | |
|---|---|
| DEBBIE OLLIS WEBB, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1]. For the reasons that follow, the Court dismisses the petition.

## PROCEDURAL HISTORY

On March 3, 2015, Petitioner was convicted in this Court, following a guilty plea, of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. [Crim. Case No. 1:13-cr-00077-MR-DLH-4 ("CR"), Doc. 151: Judgment].

In preparation for Petitioner's sentencing hearing, the probation office prepared a presentence investigation report ("PSR"), calculating a total

offense level of 29, and a criminal history category of I, yielding an advisory sentencing guidelines range of 87 to 108 months of imprisonment. [CR Doc. 112 at ¶ 75: PSR]. Petitioner faced a statutory mandatory minimum term of 10 years and a maximum term of life imprisonment under 21 U.S.C. §§ 841(b)(1)(A). [Id. at ¶ 74]. However, the parties agreed that if Petitioner met the criteria set forth in 18 U.S.C. §§ 3553(f)(1)-(5), the Court would impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence. [Id.]. On February 27, 2015, this Court sentenced Petitioner to 57 months' imprisonment. [CR Doc. 151]. Judgment was entered on March 3, 2015. [Id.]. Petitioner did not appeal.

Petitioner placed the instant motion in the prison mailing system on July 21, 2016, and it was stamp-filed in this Court on August 11, 2016. [Doc. 1]. Petitioner does not indicate clearly what claim she intends to bring in her motion to vacate. That is, at the top of the first page of her motion to vacate, she has handwritten the words "minor role." [Id. at 1]. She then states in the petition the following in support of her claim: "This motion was just made available to us. I would like to see if I'm eligible." [Id. at 4]. Other than this, Petitioner does not indicate anywhere in the petition what claim or claims she is purporting to raise.

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

It is not clear what claim or claims Petitioner purports to bring. She may be attempting to argue that Amendment 794 to U.S.S.G. § 3B1.2 makes her eligible for a minor role adjustment to her sentence. Amendment 794 was enacted on November 1, 2015, and it sets out new guidelines for determining whether a defendant should be granted a minor role reduction under U.S.S.G. § 3B1.2. To the extent that Petitioner seeks a reduction in her sentence based on Amendment 794, Petitioner must seek such relief on this claim, if at all, by filing a motion for reduction of her sentence in her criminal case. See United States v. Jones, 143 F. App'x 526, 527 (4th Cir. 2005) (holding that the district court erred in construing the petitioners'

3

motions under 18 U.S.C. § 3582(c)(2) for reductions in sentence based on retroactive application of Amendment 591 as Section 2255 motions); Ono v. Pontesso, No. 98-15124, 1998 WL 757068, at *1 (9th Cir. Oct. 26, 1998) (noting that a request for a modification of a sentence pursuant to an Amendment to the Sentencing Guidelines "is most properly brought as a motion under 18 U.S.C. § 3582"); see also United States v. Mines, No. 3:09-cr-106-HEH, 2015 WL 1349648, at *1 (E.D. Va. Mar. 4, 2015) (stating that, to the extent that the petitioner "seeks a reduction in sentence pursuant to any amendment to the United States Sentencing Guidelines, he must file a separate motion for reduction of sentence pursuant to 18 U.S.C. § 3582"). Because Petitioner has not clearly articulated the claim or claims she intends to bring in this motion to vacate, the Court will dismiss this action without prejudice.

## CONCLUSION

For the reasons stated herein, the Court will dismiss the Section 2255 petition without prejudice.

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the

4

district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**   Signed: August 22, 2016

Martin Reidinger
United States District Judge